### W. C. PHILLIPS v. STATE.

No. A-3325—Opinion Filed Sept. 13, 1919.

(183 Pac. 521.)

INTOXICATING LIQUORS—Unlawful Possession—Evidence. In a prosecution for the unlawful possession of intoxicating liquor, it was error to permit the prosecution to prove that three or four weeks after the filing of the information the officers found intoxicating liquors at the same place.

*Appeal from County Court, Stephens County;*
*J. W. Marshall, Judge.*

W. C. Phillips was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

*J. B. Wilkinson,* for plaintiff in error.

The Attorney General and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Phillips, was convicted on an information charging that in Stephens county, on or about the 17th day of July, 1917, he did have in his possession one pint of whisky with the intent to sell the same, and his punishment was fixed at confinement in the county jail for 30 days and a fine of $50. He has appealed from the judgment rendered upon such conviction.

There is but a single question presented by the record in this case for our determination. It appears that Bush Rayburn testified that on the 17th day of July, 1917, he was deputy United States marshal, and about said date he went to a place about seven or eight miles east of Duncan with some parties with a search warrant and searched the defendant's premises, finding a pint bottle of whisky with about a drink taken out. After other witnesses had testified, the witness Rayburn was recalled by the state, and over the defendant's objection was permitted to testify that three or four weeks later, and after the information was filed in this case, he with other parties searched the same place and found 84 quarts of whisky in the loft of the residence. The testimony was objected to on the part of the defendant as irrelevant, incompetent, and prejudicial, because the transaction testified to occurred after the offense is alleged to have occurred in this case, which objection was overruled. Thereupon counsel for the defendant moved the court to exclude this testimony from the jury, for the reasons stated. The motion was denied, and exceptions allowed.

This testimony was wholly incompetent, and the only effect of it must have been to prejudice the jury against the defendant in the case upon trial, and for this reason it was error to overrule defendant's motion to strike. It follows that the judgment of conviction must be reversed.

ARMSTRONG and MATSON, JJ., concur.